IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DEMARION TYRELL FORD                                                                PLAINTIFF

v.                                         Civil No. 6:23-CV-06123-SOH-MEF

TIM BECKHAM
(Chief Public Defender, individual capacity)                                        DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.    BACKGROUND

Plaintiff filed his Complaint on November 27, 2023. (ECF No. 1). That same day, the Court entered an Order directing Plaintiff to submit a completed *in forma pauperis* ("IFP") application. (ECF No. 2). Plaintiff did so on December 7, 2023, and was granted IFP status on December 20, 2023. (ECF Nos. 4, 5).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

Plaintiff is currently incarcerated in the Garland County Detention Center as a pretrial detainee. (ECF No. 1 at 2, 4). He identifies Defendant Beckham as the Chief Public Defender. (*Id*. at 2). He alleges Defendant Beckham is "misrepresenting him" in has case. (*Id*. at 4-6). Specifically, he argues he has been asking for a bond reduction for eight months, but Beckham has not even come to see him or speak to him about the case. (*Id*. at 5). He further argues he only sees him in court, he has filed court documents without his permission, and that Beckham is trying to "railroad" him. (*Id*. at 12).

Plaintiff proceeds against Defendant Beckham in his individual capacity. (ECF No. 1 at 2). He seeks his release and compensation in the amount of $50 million dollars for his incarceration. (*Id*. at 5).

## II.     LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Defendant Beckham is identified by Plaintiff as a public defender who is representing him in his state criminal proceedings. He is not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir.1999). Defendant Beckham was not acting under the color of state law while representing Plaintiff in his criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). Accordingly, Plaintiff has failed to state any cognizable claims under § 1983 against Defendant Beckham.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of December 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE